## JACKSON *v.* MEEK.

### (*Knoxville.*    October 3, 1888.)

1. CORPORATIONS.  *Stockholders' liability for wages of employes.  Estoppel.*
   An employe is not estopped to proceed against stockholders of an insolvent corporation for his wages—where the charter provides for their individual liability—by taking note and obtaining judgment against the corporation for such wages, and by receiving *pro rata* on his claim out of the corporate assets.  The individual liability of stockholders was designed merely to supply any deficiency of the corporate assets.

   Act construed: Acts 1875, Ch. 142, § 21 (Code, § 1889 (M. & V.).

2. SAME.  *Same.  Effect of transfer of stock.*
   Stockholders are not relieved, by transfer of their stock, from. their individual liability to employes of the corporation for wages previously earned.

### FROM KNOX.

Appeal from  Circuit  Court  of  Knox  County. S. T. LOGAN, J.

COOPER & FRAME for Jackson.

L. A. GRATZ for Meek.

B. J. TARVER,* Sp. J.   The facts of this contention, necessary to be stated, are as follows:

---

* Appointed by the Governor to serve during the temporary absence of Chief Justice Turney.

The Chronicle Company was regularly incorporated a body politic and corporate in January, 1883, under the Act of the Legislature, entitled "An Act to provide for the organization of corporations, approved March 23, 1875, and section 21 of said Act. The defendant Meek was one of its charter members, and continued a stockholder therein down to November, 1885, when he disposed of his stock. Plaintiff Jackson also owned some stock in the Chronicle Company, but disposed of it before defendant Meek parted with his stock. Jackson was in the service of the company from February, 1885, to the following June, at a salary of $12 per week. In December, 1885, Jackson had settlement of his wage account with the company, when it was found that there was due him thereon $199.17; he receipted the pay-roll of the company but received no money, and took the company's note for the amount due him for wages. While in the company's service Jackson loaned it $350, and took its note therefor.

In May, 1886, Johnson took a Justice of the Peace's judgement for the aggregate of his two notes against the company, and afterward, in same month, on his own petition, Jackson was made a party to proceeding in the Chancery Court to wind up the Chronicle Company as an insolvent corporation, and received his *pro rata* upon said judgment, which was about 20 per cent.

April 11, 1888, Jackson took a Justice of the Peace's judgment against defandant Meek for

Jackson *v.* Meek.

$112.17, it being the balance of his claim for wages, after being credited with its *pro rata* and $50 paid by a shareholder of said company.

Meek appealed from this judgment to the Circuit Court, where there was a trial before the Judge without the intervention of a jury, and judgment in his favor, the trial Court holding that Jackson was estopped by taking the company's note for his wages, and his subsequent efforts to collect from the corporate assets.

Is there reversible error in the ruling of the trial Court?

The general rule of the common law holds the shareholder of a corporation liable for the debts of the association only so far as he may have agreed to contribute to the capital stock of the company; his liability is in his corporate capacity, and is deemed the primary source for the payment of the company's debts. But our Legislature has superadded to this common law liability, in corporate capacity, an individual liability upon the shareholders of all corporations incorporated under 21st section of the Act of 1875, in favor of journeymen, servants, and employe's wages, that may be earned in the company's service; this liability is regarded as a secondary source for the payment of the debts provided for. Each wage earner of the Chronicle Company had two sources for the payment of his debt, first, the corporate assets, and second, the individual stockholders.

The current of adjudged cases in other States seem to hold that each stockholder upon becoming such in a company with this individual liability provision, does so with the understanding that he will not be held to pay individually until the corporate assets have been found to be insufficient. We assent to the soundness of this proposition. Morawetz on P. Cor., sec. 869 *et seq.*; Thompson on Liability of Stockholders, sec. 334.

It follows, therefore, that the plaintiff, Jackson, in seeking to collect his debt for wages, in the first instance, from the assets of the Chronicle Company, was in the line of duty, and certainly not thereby estopping himself from afterward availing himself of the benefits secured him by the individual liability clause of the charter, and that the trial Judge is in error, and his judgment should be reversed.

But it is insisted that the defendant Meek, having parted with his stock in November, 1885, some two years before the suit against him before the Justice was commenced, his individual liability for the plaintiff's debt for wages ceased to rest on him, and passed over to his transferee, to whom the plaintiff must now look. Is this correct? When the wage earners who were in the employ of the Chronicle Company, and contracted with it, contracted upon the faith of this individual liability clause, the offer of the shareholder contained in the clause in question being accepted by the

Jackson *v.* Meek.

"servants and employes" of the company, ripens into a binding contract. This binding contract was upon these shareholders, who were such at the time the service was rendered.

This individual liability, when ripened into a binding contract, is beyond the control of the company or its officers; none but those for whose benefit the provision was made can release the contract. To hold differently would practically destroy this provision for the wage earner's benefit. When the shareholder sees the approaching insolvency of the corporation, he has only to make transfer of his stock to a straw man, fold his arms and let the crash come. We hold that the Legislature did not intend to place the life of this security in the hands of the shareholder, but designed it to be a security, the burden of which cannot be shifted by the shareholder to another, to the prejudice of the wage earner, without his concurrence.

If material, it is not shown to whom the defendant Meek's stock was transferred, whether to one able to discharge the liability for wages, nor whether transferred in good faith.

Under the facts of the case, the defendant Meek has not relieved himself of liability, under the clause, to the plaintiff.

The judgment of the Court below is reversed, and the plaintiff will have judgment here against the defendant Meek for the amount of the Justice's judgment, with interest, and for all the cost of the cause.